```
            IN THE UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF ARKANSAS
                    PINE BLUFF DIVISION

JAIRO MONTGOMERY                                      PETITIONER


v.              Civil Case No. 5:09CV00322 SWW-JTK


LARRY NORRIS, Director,
Arkansas Department of Correction                     RESPONDENT
```

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the

following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Jairo Montgomery, an inmate in the Arkansas Department of Correction. On October 26, 2005, a jury found Petitioner guilty of possession of methamphetamine with intent to deliver in violation of Ark. Code Ann. § 5-64-401 and recommended a sentence of 420 months' imprisonment. (Petitioner's Exhibit 2) Greene County Circuit Court Judge David Goodson agreed to follow the jury's recommendation, and he sentenced Petitioner to

420 months in the Arkansas Department of Correction. *Id.* Following sentencing, Petitioner's counsel filed a notice of appeal in open court(Petitioner's Exhibit 4), and Judge Goodson entered a Judgment and Commitment Order. The Judgment and Commitment Order, however, indicated that the Court sentenced Petitioner to 520 months' imprisonment. (Petitioner's Exhibit 3)

On October 27, 2005, Petitioner's counsel filed a motion for new trial and for new sentencing trial. (Petitioner's Exhibit 5) By letter order dated November 3, 2005, Judge Goodson amended Petitioner's sentence to twenty (20) years' imprisonment, followed by a ten (10) year suspended imposition of sentence, and he directed the deputy prosecuting attorney, Randy Philhours, to prepare the Amended Judgment and Commitment Order. (Petitioner's Exhibit 6) Between the date of the judge's letter order and December 1, 2005, Judge Cindy Thyer was seated, and by letter order dated December 1, 2005, she informed the parties that she believed she was without authority to reduce Petitioner's sentence for two reasons: first, the sentence had already been executed by the filing of the Judgment and Commitment Order; and second, Petitioner had already commenced with his appeal by the filing of his notice of appeal. (Petitioner's Exhibit 7) Therefore, Judge Thyer did not sign or approve the Amended Judgment and Commitment Order and further denied the motion for new trial and new sentencing trial. *Id.* Petitioner subsequently filed an amended notice of appeal on

December 6, 2005 (Petitioner's Exhibit 8), and Judge Thyer entered an Amended Judgment and Commitment Order that was filed on February 3, 2006, sentencing Petitioner to 420 months' imprisonment. (Petitioner's Exhibit 11; Respondent's Exhibit A).  The Arkansas Supreme Court affirmed Petitioner's conviction by Order dated October 26, 2006.  *See Montgomery v. State*, 367 Ark. 485, 241 S.W.3d 753 (2006).[1] Petitioner did not seek certiorari from the United States Supreme Court.

On January 3, 2007, Petitioner filed a petition for post-conviction relief in the Greene County Circuit Court pursuant to Arkansas Rule of Criminal Procedure 37.[2]  (Respondent's Exhibit B)

---

[1] The Arkansas Court of Appeals certified the case to the Arkansas Supreme Court pursuant to Ark. Sup. Ct. R. 1-2(b) and (5), as a case involving an issue of first impression and one needing clarification or development of the law.  Petitioner did not appeal the validity of the Amended Judgment and Commitment Order entered by Judge Thyer.  On appeal, he argued instead that the circuit court erred (1) in denying his motion for change of venue; (2) in denying his motion to suppress; (3) in allowing the State to introduce tape-recorded conversations without showing one party's consent to the recording as required by the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510 *et seq.*; and (4) in denying his request to submit a jury instruction on entrapment.

[2] In Arkansas, a petitioner has the right to appeal an adverse ruling on a petition for post-conviction relief under Rule 37. *Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (1984).  With that right, however, is the responsibility to comply with Rule 4(a) of the Arkansas Rules of Appellate Procedure – Civil, and file a notice of appeal within thirty days of the date the order was entered.  If the petitioner fails to timely file a notice of appeal, a belated appeal will not be allowed absent a showing by the Petitioner of some good cause for the failure to comply with proper procedure. *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987).

The Greene County Circuit Court denied the petition on March 23, 2007. (Respondent's Exhibit C) Petitioner submits that he timely appealed the denial of his Rule 37 petition, but information in the record indicates that the Arkansas Supreme Court Clerk refused to lodge the record because there was not a timely notice of appeal contained in it.  (Respondent's Exhibit D)

On December 13, 2007, Petitioner filed a petition for writ of habeas corpus in the Lee County Circuit Court.  (Respondent's Exhibit E)  The Lee County Circuit Court denied the petition on January 11, 2008. (Respondent's Exhibit F)  Petitioner contends he never received notice of the Court's Order, and as a result, was unable to file a timely notice of appeal within the thirty-day period allowed for filing under Rule 4(a) of the Arkansas Rules of Appellate Procedure-Civil.

Petitioner filed a Petition for Writ of Mandamus in the Lee County Circuit Court[3] on or about July 21, 2008, Petitioner's Exhibit 12, and on or about November 20, 2008, he also filed in the Arkansas Supreme Court a motion for belated appeal from the denial

---

[3] Pursuant to Rule 6-1(a)(1) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, "Proceedings for an extraordinary writ such as prohibition, mandamus, and certiorari are commenced by filing an original petition in the Supreme Court." A letter dated August 5, 2008, from the Arkansas Supreme Court Office of the Criminal Justice Coordinator indicates that Petitioner "tendered" a petition for writ of mandamus that was "placed in his folder in this office for future reference." (Petitioner's Exhibit 14).  It does not appear in the record that the mandamus petition was ever submitted to the Arkansas Supreme Court for ruling.

of his state habeas petition, Petitioner's Exhibit 13. The Arkansas Supreme Court denied the belated-appeal motion on February 12, 2009, determining there was "nothing in the record to show that the circuit clerk failed to forward a copy of the order to petitioner; but even if the order was not promptly forwarded to him after it was entered, there is no absolute duty imposed on a judge or clerk to notify a petitioner that a petition for writ of habeas corpus has been denied." (Petitioner's Exhibit 15 at 2; Respondent's Exhibit G at 2).

Petitioner filed his federal habeas petition on October 21, 2009 (DE #1) in the United States District Court for the Western District of Arkansas. The case was transferred to the Eastern District, and Petitioner filed an amended petition on November 24, 2009 (DE #8). Petitioner argues the following grounds for relief:

    (1) trial counsel rendered ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution;

    (2) the Greene County Circuit Court erred in denying his motion for post-conviction relief without holding an evidentiary hearing; and

    (3) the order denying post-conviction relief contains no findings of fact and should be remanded.

(Amended Petition for Writ of Habeas Corpus, DE #8).

Respondent contends the petition should be dismissed for the following reasons: (1) the petition is barred in its entirety by the statute of limitations as set forth in 28 U.S.C. § 2244(d)(1); (2) Grounds 2 and 3 present only issues of state law and thus do

not involve constitutional violations cognizable in this proceeding; and (3) Grounds 1, 2, and 3 are procedurally defaulted because Petitioner failed to file a timely appeal from the denial of his Rule 37 petition.

Because the Court agrees that the petition is time-barred, the alternative arguments for dismissal need not be addressed.

I.

A state prisoner seeking to challenge his or her state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review.[4]   28 U.S.C. § 2244(d)(1)(A). Here, the Arkansas Supreme Court affirmed Petitioner's conviction on October 26, 2006. Under Rule 13 of the United States Supreme Court, Petitioner's time for filing a petition for writ of certiorari expired on January 24, 2007, ninety (90) days after the Arkansas Supreme Court upheld his conviction and sentence on direct appeal. Accordingly, Petitioner's state court judgment became final and the

---

[4]"Direct review" includes review by the United States Supreme Court, *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999), if the petitioner obtained or sought review of the judgment by the State's court of last resort. *Riddle v. Kemna*, 523 F.3d 850, 854-55 (8th Cir. 2008). Such a judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the expiration of the ninety (90) days allowed for filing a petition for certiorari. *Smith v. Bowersox*, 159 F.3d at 348. Under United States Supreme Court Rule 13.1, the ninety day period is counted from the date the state court files its opinion.

statute of limitations began running on January 24, 2007. The filing deadline for Petitioner's habeas petition was January 24, 2008, unless the one-year period of limitation was tolled. Assuming Petitioner submitted this federal habeas petition to prison officials for mailing on the day he signed it, the petition was "filed" October 8, 2009, which was 988 days after entry of judgment and, therefore, outside the one-year limitations period. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner properly files a state post-conviction motion, or otherwise seeks collateral relief, in a state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. *Mills v. Norris*, 187 F.3d 881, 883-84 (8th Cir. 1999). An "application is '<u>properly</u> filed' when its delivery and acceptance are in compliance with the application laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (emphasis in original). A state post-conviction petition rejected by the state court as untimely,

however, is not "properly filed." *Allen v. Siebert*, 552 U.S. 3, 4 (2007).

It is undisputed that Petitioner's Rule 37 post-conviction petition was timely and properly filed on January 3, 2007. *See* Ark. R. Crim. P. 37.2(c) (If an appeal was taken from the judgment of conviction, a Rule 37 petition must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court). Petitioner did not seek to appeal the denial of his Rule 37 Petition. *See* Ark. R. App. P. - Crim 2(a)(4) (notice of appeal must be filed within thirty days from entry of order denying Rule 37 petition). The federal limitations period was tolled, therefore, from the initiation of the Rule 37 proceedings in the state circuit court on January 3, 2007, until they "achieved final resolution" on April 23, 2007, when the time for seeking appeal expired, a period of 110 days. *William v. Bruton*, 299 F.3d 981, 983-84 (8th Cir. 2002) (post-conviction application remains "pending" during the period for taking an appeal, even if petitioner does not do so).

While the scope of habeas corpus relief under Arkansas law is limited, a petitioner is still allowed to file a petition for writ of habeas corpus in circuit court. *See* Ark. Code Ann. § 16-112-102(a)(1). Arkansas appellate procedure also provides for an

appeal from the circuit court's denial of state habeas relief.[5] Here, Petitioner filed a state habeas corpus petition on December 13, 2007.  The petition was denied on January 11, 2008, but Petitioner contends he never received notice of the denial.  Thus, the Court finds that the federal limitations period was tolled from the initiation of the state habeas proceedings in the state circuit court on December 13, 2007, until February 11, 2008, when the thirty-day period to seek appeal expired, a period of 60 days.

Petitioner filed a motion for belated appeal on November 20, 2008, and the Arkansas Supreme Court denied that motion on February 12, 2009. *See* Petitioner's Exhibit 15.  The Court will assume without deciding that the statute of limitations was tolled during the pendency of this motion, a period of 84 days.[6]  *See Murry v.*

---

[5]The Arkansas Supreme Court has expressly stated that an appeal is the proper procedure to obtain review of a circuit court's denial of a writ of habeas corpus. *See Flowers v. Norris*, 347 Ark. 760, 762, 68 S.W.3d 289, 290 (2002).

[6]In *Streu v. Dormire*, 557 F.3d 960, 965 (8th Cir. 2009), the Eighth Circuit held that a motion to reopen post-conviction proceedings was "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment," under 28 U.S.C. § 2244(d)(2), and "[a]s such, it tolled AEDPA's statute of limitations during the time it was "pending." The Court found the state court's granting of the motion to file an untimely appeal "renewed" the time for appeal, and the motion to reopen was therefore "pending" until the denial of the motion became final by the issuance of the Missouri appellate court's mandate.  The Court further held the statute was not tolled between the deadline for filing a notice of appeal and the date Streu submitted his motion to file an untimely appeal because the post-conviction proceedings had not reached a resolution and "nothing was 'pending' before a Missouri court" during that time.  *Id*. at 967.  The Court declined to decide whether the statute was tolled

*Norris*, 2006 WL 1342809 (E.D. Ark. 2006)(limitations period tolled during the period in "which a properly filed motion for belated or out-of-time appeal is under consideration by a state court.") (citing *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001); *Melancon v. Kaylo*, 259 F.3d 401, 406-07 (5th Cir. 2001); *Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000); *Fernandez v. Sternes*, 227 F.3d 977, 979-80 (7th Cir. 2000)); *see also Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)(time to seek certiorari after post-conviction review is not tolled).

In summary, this federal habeas petition was filed 988 days after entry of Petitioner's state judgment of conviction, but the limitations period was tolled while his Rule 37 proceedings were pending (110 days), while his state habeas petition was pending (60 days), and while his belated-appeal motion was pending (84 days). Excluding those three periods (254 days), Petitioner's federal

---

for the time between the filing of the motion to file an untimely appeal and the granting of that motion.  *Id*.
      Since the *Streu* court found the motion to reopen was a "properly filed application for State post-conviction or other collateral review," under 28 U.S.C. § 2244(d)(2), this Court finds no reason the analysis of the belated-appeal period there should not apply equally to a belated appeal involving a state habeas motion, as in this case. Here, the Arkansas Supreme Court denied his motion for belated appeal, and thus, the motion did not "renew" the time for appeal so as to toll the statute of limitations.  What the Court is left with is the unaddressed question in *Streu* - whether the statute was tolled for the time between the filing of the motion to file an untimely appeal and the granting of that motion, or in this case, the denial of that motion. In any event, the Court gives Petitioner the benefit of the doubt and will assume without deciding that such time is tolled.

habeas petition was filed 734 days, i.e., more than one year, after his state conviction became final. Unless he can establish some basis for tolling or extending the limitations period, this petition must be dismissed as time-barred.

Section 2244(d)(1) contains three provisions that will delay the date on which the statute of limitations begins running. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Under subsection 2244(d)(1)(B), the running of the limitations period may be delayed by a state-created impediment violating the United States Constitution or federal law. The petitioner bears the burden of establishing that the state created the impediment and that the impediment prevented him from filing his petition. *See Earl v.* Fabian, 2010 WL 1780189 at *8 (Minn., April 12, 2010)(citing *Earl v. Fabian*, 556 F.3d 717, 726 (8th Cir. 2009)). "Where such a showing is made, the one-year AEDPA [Antiterrorism and Effective Death Penalty Act] limitations period begins to run on the date on which the impediment is removed." *Id*. In addition to the statutory mechanisms, the limitations period may also be equitably tolled where a petitioner demonstrates that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

In his Reply, Petitioner contends that he "was prevented and/or impeded from filing a timely appeal or notice in regards to

12

[his] constitutional claims presented in [the] state habeas petition which petitioner now present [sic] before this United States District Court by failure of the circuit court clerk of Lee County, Arkansas to notify petitioner of the denial of petitioner's state habeas petition and thereby causing petitioner to file a motion for permission to file a belated appeal." Reply at 4.  He therefore submits that the limitation period for seeking federal habeas review ran from "February 18, 2009 and did not end until February 17, 2010."[7]  Reply at 5.  The Court finds that Petitioner's allegation is insufficient to amount to an unconstitutional state-created impediment under section 2244(d)(1)(B) or to justify equitable tolling.

First, Petitioner has not taken into account the periods of time when he did not have a petition for post-conviction relief pending in state court.  Those periods of time are not excluded from the calculation of the period of limitations under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) tolls the one-year limitation period while a habeas petitioner exhausts any available state post-conviction remedies.  *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001).  However, the AEDPA statute of limitations does not begin to run

---

[7]Due to the stamped date of February 17, 2009, on the Arkansas Supreme Court's Opinion denying the motion for belated appeal, by the Lee County Circuit Clerk, Petitioner mistakenly believes that the Arkansas Supreme Court issued its opinion on that date. (*See* Respondent's Exhibit G).

13

anew when a state court enters judgment denying post-conviction relief, and such a judgment will not suspend, reset or toll the statute of limitations or "cure" a time-barred § 2254 petition. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

Second, Petitioner does not point to any unconstitutional impediment created by the State which prevented him from filing a § 2254 petition within the limitations period.[8] The language of § 2244(d)(1)(B) concerns impediments to the pursuit of federal relief, not state post-conviction relief.  Regardless of Petitioner's difficulties in pursing a state post-conviction

---

[8] "The Eighth Circuit has not yet considered whether a state created delay in providing a prisoner with notice that his judgment is final can amount to an impediment in violation of the Constitution or laws of the United States such that statutory tolling could be warranted for a petition subject to AEDPA." *Earl v. Fabian*, 556 F.3d 717, 726 (8th Cir. 2009).  In *Earl*, the court agreed with other circuits and district courts that have held "that a significant state created delay in providing a prisoner with notice that his state judgment of conviction has become final amounts to an extraordinary circumstance beyond a prisoner's control[.]" *Id*. at 723.  Earl claimed he was entitled to tolling because the state delayed his receipt of notice that the judgment in his case was final. *Id*. at 726.  There, the Court determined, that "[w]ithout defining the full contours of the term 'impediment,'... the delay alleged by Earl, if credible, could possibly amount to a state impediment under § 2244(d)(1)(B)." *Id*. Following remand, the Minnesota District Court conducted an evidentiary hearing and determined that § 2244(d)(1)(B)applied so as to toll the statue of limitations to allow Earl to proceed with his petition because the delay was state-created, the impediment violated the United States Constitution, and it prevented Earl from filing his petition. *See Earl v. Fabian*, 2010 WL 1780189 (D. Minn. 2010) and *Earl v. Fabian*, 2010 WL 1780186 (D. Minn. 2010). The instant matter is different than Earl. *Earl* involved notice of the judgment of conviction.  Here, we have the alleged delay of notice that the state habeas petition had been denied.

petition, the critical issue here is whether he was impeded from filing a federal habeas petition with the federal courts within the one-year time period. In that vein, Petitioner has not demonstrated that any alleged failure to notify him of the trial court's denial of his state habeas petition actually prevented him from filing a federal habeas petition in a timely manner. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 855-56 (8th Cir. 2003) (the state did not lull petitioner into inaction and "[t]here is nothing in the record to indicate that the state made it difficult or impossible for Curtiss to either check the status of his state suit or simply file a concurrent federal petition in a timely manner."). Regardless of any uncertainty about his state court proceedings, nothing impeded Petitioner from filing a concurrent, protective habeas petition with the federal courts within the one-year time period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Third, Petitioner's circumstances are not so extraordinary as to warrant equitable tolling.

In summary, Petitioner filed his 28 U.S.C. § 2254 petition outside the limitations period provided in § 2244(d)(1), and he has not demonstrated that the limitations period should be tolled or extended under any statutory provision or equitable principles. Therefore, the petition should be denied as untimely and this action should be dismissed in its entirety with prejudice.

SO ORDERED this 17th day of August, 2010.

                                                  _____
                                                  United States Magistrate Judge